# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

DINA F. ACKERMAN, )
 )
        Plaintiff, )
 )
v. ) Case No. CIV-14-022-FHS-KEW
 )
CAROLYN W. COLVIN, Acting )
Commissioner of Social )
Security Administration, )
 )
        Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff Dina F. Ackerman (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on October 10, 1980 and was 31 years old at the time of the ALJ's decision. Claimant completed her high school education attending special education classes and certified nurse's assistant training. Claimant has worked in the past as a CNA, home health provider, cook, factory line worker, and retail stocker. Claimant alleges an inability to work beginning August 12, 2009 due to limitations resulting from lower back pain, leg cramps, problems

3

grasping, fibromyalgia, depression, sleep problems, and a learning disability.

## Procedural History

On June 24, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On September 5, 2012, Claimant appeared before Administrative Law Judge John Belcher ("ALJ") for an administrative hearing by video with Claimant appearing in Miami, Oklahoma and the ALJ presiding in Tulsa, Oklahoma. On September 14, 2012, the ALJ issued an unfavorable decision. The Appeals Council declined to review the decision on December 9, 2013. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform her past relevant work as a hand packer.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to

perform a proper analysis at steps three, four, and five; (2) failing to properly evaluate the medical and non-medical source evidence; and (3) failing to perform a proper credibility analysis.

**Analyzing the Sequential Evaluation Steps**

In his decision, the ALJ determined Claimant suffered from the severe impairments of obesity, chronic low back pain, and borderline intellectual functioning. (Tr. 28). The ALJ also found Claimant retained the RFC to perform her past relevant work as a hand packager. (Tr. 34). Alternatively, the ALJ found Claimant retained the RFC to perform medium work except she was limited to simple work involving no more than superficial contact with co-workers and supervisors. She must also avoid jobs requiring interaction with the public. (Tr. 30). After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of laundry worker, janitor, and dishwasher, all of which the expert testified existed in sufficient numbers in the regional and national economies. (Tr. 36). Claimant was found to have not been under a disability since June 24, 2010 through the date of the decision. Id.

Claimant first contends the ALJ erred at step three by failing to evaluate the effect of her obesity upon other severe impairments. This issue is tied to step three because the ALJ

5

referenced Claimant's obesity in connection with an evaluation of the effect the condition has upon Claimant's ability to ambulate under Listing § 1.00B2b. (Tr. 30). Claimant asserts the effect of her obesity upon her back pain and spine should have been assessed by the ALJ.

An ALJ is required to consider "any additional and cumulative effects" obesity may have upon other conditions from which a claimant suffers, recognizing that obesity combined with other impairments may increase the severity of the condition. Soc. Sec. R. 02-1p; 20 C.F.R. Pt. 405, Subpt. P, App. 1 § 1.00(Q)(combined effect with musculoskeletal impairments).

At step three, "a listing is met if there is an impairment that, in combination with obesity, meets the requirements of a listing." Soc. Sec. R. 02-1p. "[O]besity may increase the severity of coexisting or related impairments to the extent that the combination of impairments meets the requirements of a listing. This is especially true of musculoskeletal, respiratory, and cardiovascular impairments." Id. "Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment." Each case is evaluated on information in the case record. Id. However,

speculation upon the effect of obesity is discouraged.[2] *See*, Fagan v. Astrue, 2007 WL 1895596, 2 (10th Cir.).

The ALJ stated in his decision that he considered the combined effects of obesity upon other impairments, considered whether Claimant met a listing with consideration of her obesity, and emphasized the requirements of Soc. Sec. R. 02-1p as required by the regulations. (Tr. 30). This Court is required to take the ALJ at his word that he considered the condition, having found it to be a severe impairment, without speculating as to its effects. Indeed, the medical record does not indicate and Claimant has not directed this Court to the presence of any functional limitations which would stem from Claimant's obesity. The diagnosis of the condition does not automatically translate into functional limitations. The only effect upon Claimant to which she refers this Court is that she has been recommended to consider breast reduction surgery to possibly alleviate some back pain. (Tr. 292). Nothing in this record indicates that her large breasts are as a result of her obesity, save for Claimant's assumption. Accordingly, the ALJ did not err in his consideration of Claimant's obesity.

---

[2] "[W]e will not make assumptions about the severity or functional effects of obesity combined with other impairments." Soc. Sec. R. 02-01p.

**Step Four Determination**

Claimant next contends the ALJ's analysis of her past relevant work at step four was flawed. Claimant is curiously vague about which elements in the Winfrey analysis are deficient, referencing perceived problems only with generalities. In analyzing Claimant's ability to engage in his past work, the ALJ must assess three phases. In the first phase, the ALJ must first determine the claimant's RFC. Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996). While Claimant disagrees with the limitations contained in the RFC, the ALJ satisfied this element. Among the problems Claimant asserts should have been included in the ALJ's RFC was a non-severe impairment for hand swelling which she contends makes it difficult for her to grasp and finger. Claimant states that the ALJ "accepted her testimony" on this condition and implies that somehow by referencing it in his decision, he was obligated to include the limitation in his RFC. To the contrary, the ALJ found Claimant's testimony to be "not credible." (Tr. 31). This would hardly constitute an acceptance of Claimant's testimony.

In the second phase, the ALJ must determine the demands of the claimant's past relevant work. Id. In making this determination, the ALJ may rely upon the testimony of the vocational expert. Doyal v. Barnhart, 331 F.3d 758, 761 (10th Cir. 2003). The ALJ

inquired of the vocational expert utilizing a hypothetical question which encompassed Claimant's RFC. (Tr. 82-83). The expert testified that Claimant could perform the hand packer job under the hypothetical "both as generally performed and as she performed it." (Tr. 83). The vocational expert also made alternative findings regarding other jobs which were available which Claimant could perform that existed in significant numbers in the economy. (Tr. 8384). Claimant states that "Claimant has not been clearly determined to have the mental ability to return to her PRW at step 4." Claimant does not specify the mental problems which would prevent her from performing as a hand packer. The second phase was adequately satisfied by the ALJ and vocational expert.

The third and final phase requires an analysis as to whether the claimant has the ability to meet the job demands found in phase two despite the limitations found in phase one. Winfrey, 92 F.3d at 1023. The ALJ made the appropriate comparative analysis to satisfy this phase. (Tr. 34-35). This Court finds no error in the ALJ's step four analysis.

Straying from his stated challenge to the ALJ's step three, four, and five analysis, Claimant inserts a step two argument, contending the ALJ should have included low back pain as a severe impairment. At step two, Claimant bears the burden of showing the

9

existence of an impairment or combination of impairments which "significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). An impairment which warrants disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

The burden of showing a severe impairment is "de minimis," yet the presence of a medical condition alone is not sufficient at step two. Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997); Soc. Sec. R. 85-28. A claimant must demonstrate he has a severe impairment that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D).

A claimant's testimony alone is insufficient to establish a severe impairment. The requirements clearly provide:

> An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and

> findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability.
>
> 42 U.S.C.A. § 423(d)(5)(A).

The functional limitations must be marked and severe that can be expected to result in death or to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(1)(C)(i); 20 C.F.R. § 416.927(a)(1). Claimant has not met her burden of demonstrating that her low back pain constituted a severe impairment. In fact, she has offered absolutely no references to the record to support such a finding.

Continuing with the litany of sub-issues, Claimant states that "[t]he ALJ failed for another reason at steps 4 and 5." Claimant contends the ALJ did not accommodate her moderate limitation of concentration, persistence or pace in his hypothetical questioning of the vocational expert. This Court disagrees with Claimant that the limitation to simple, unskilled tasks would fail to incorporate any restriction on concentration, persistence, or pace. No error

11

is attributed to the hypothetical questioning of the expert.

**Evaluation of Source Evidence**

Claimant objects to the weight the ALJ gave to the opinions of Dr. Dianne Hardy and Dr. Michael Karathanos. Claimant contends the ALJ erred when he gave less than controlling weight to Dr. Hardy's "findings." This Court is unsure why the ALJ felt it necessary to give weight to treatment records. Dr. Hardy did not offer a medical opinion nor did the ALJ or Claimant rely upon any opinion by Dr. Hardy to support their positions. Essentially, the ALJ made a superfluous finding on weight that does not require remand. Mays v. Colvin, 2014 WL 56255, 5 (10th Cir.).

The ALJ gave "great weight" to the evaluation of Dr. Karathanos' examination. Dr. Karathanos recognized Claimant's past medical history included a diagnosis of fibromyalgia. (Tr. 292). He noted he found an specified number of trigger points mostly in back. (Tr. 294). The ALJ specifically rejected any diagnosis of fibromyalgia based upon a considered view of the required findings for the condition. (Tr. 31-32). Even when the ALJ recognized Dr. Karathanos' diagnosis, he also noted that Dr. Karathanos indicated the condition was not severe. (Tr. 32). It was not inconsistent for the ALJ to give "great weight" to Dr. Karathanos' opinions while also finding the condition was not severe. The ALJ did not err in his analysis of the medical source evidence.

Even if the diagnosis was appropriate, Claimant fails to state how the failure to adopt the diagnosis of fibromyalgia prejudices Claimant. She has not established that the diagnosis would constitute a severe impairment. The only effect Claimant draws from the potential omission is "[a] reasonable ALJ would have properly evaluated the medical opinions and would have altered the course of this case by finding her disabled and paying the claim." The finding of fibromyalgia would not have necessarily resulted in a finding of disability.

**Credibility Determination**

Claimant also contends the ALJ failed to properly evaluate her credibility. The ALJ found contradictions in Claimant's testimony by testifying she suffered from back pain which limited her ability to walk while also stating that she had been walking for twenty minutes in the park every day. Contradictions were also noted in her ability to lift, sit, and engage in activities of daily living. (Tr. 32). It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily

activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3. This Court finds no error in the ALJ's assessment of Claimant's credibility. The recitation of testimony and statements to medical professionals were accurately stated in the ALJ's decision. The assessment of credibility when accurately represented is uniquely within this ALJ's province and will not be disturbed by this Court.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED.**

The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 16th day of March, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE