**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

DINA F. ACKERMAN,           )
                            )
    Plaintiff,             )
                            )
v.                          )   No. CIV-14-22-FHS-KEW
                            )
CAROLYN W. COLVIN[1], Commissioner )
Social Security Administration  )
                            )
    Defendant.             )

## OPINION AND ORDER

Before the court for its consideration is the Defendant's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59 (E) (Doc. 23). In this motion, Defendant requests this court to alter or amend its judgment remanding this case for further proceedings. The court rules as follows on the motion.

On March 16, 2015, a United States Magistrate Judge for this district issued a Report and Recommendation that the Acting Commissioner's final administrative decision that Plaintiff is not disabled within the meaning of the Social Security Act be

---

[1] The Court has been informed by Defendant that on February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Pursuant to Rule 25 (d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is automatically substituted for Michael J. Astrue as the defendant in this action. Thus, this suit will proceed with this substitution in effect. See 42 U.S.C. Sec. 405 (g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.")

1

affirmed. On March 27, 2015, Plaintiff filed a timely objection to this Report and Recommendation. On March 30, 2015, this Court issued an order overruling the Report and Recommendation ordering the case be reversed and remanded to the Commissioner.[2] In the order the court stated that it was remanding this case "for proceedings regarding the issue of Plaintiff's back pain being identified as a severe impairment but not mentioned again after Step 2."

In the motion, Defendant argues this decision remanding this case is premised on a clear error that should be corrected. Defendant contends that "the Court should amend its order and affirm the ALJ's reasonable and well-supported decision that Plaintiff is not disabled." Defendant argues that the ALJ did properly consider Plaintiff's back pain at all stages of his analysis. Specifically, Defendant points out that the ALJ found Plaintiff's claims regarding limitations caused by her back pain were not fully credible. Also, Defendant notes that the ALJ discussed Plaintiff's back pain and found certain limitations. As a result, the ALJ's decision based on the evidence that Plaintiff "was limited to medium exertional work as a result of her medically determinable impairments (including back pain)" was proper.

---

[2]In the Motion to Alter or Amend Judgment the Defendant notes that the Court's entry of the March 30, 2015 order remanding this case to the ALJ was premature. As a result, Defendant did not have adequate time to respond to Plaintiff's Objection to the Report and Recommendations. However, by filling this motion, Defendant has clearly stated its objection to the arguments made by Plaintiff.

2

Plaintiff responds to the motion asking this court not to alter or amend the judgment. Plaintiff argues that a severe impairment at step 2 cannot simply disappear at steps 4 and 5 of the sequential evaluation process. Plaintiff argues: that "there was absolutely no limitation for stooping resulting from the ALJ's finding of low back pain being a severe impairment, and no explanation for why a limitation in this area was not considered. Neither the ALJ or the Magistrate Judge explains how a severe impairment at Step 2 can result in no limitation at steps 4 and 5 of the sequential evaluation process."

The court denies Defendant's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59 (E) (Doc. 23). The court remands this action to the Defendant to specifically outline how a severe impairment such as back pain at Step 2 can result in no limitations at Steps 4 and 5 of the evaluation process. Specifically, the ALJ needs to address the Plaintiff's limitations.

It is so ordered this 19th day of May, 2015.

Frank H. Seay
United States District Judge